**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Howard Lee Mitchell, | No. CV-15-00637-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Scottsdale, City of, | |
| Defendant. | |

Pending before the Court is Defendant City of Scottsdale's Motion to Dismiss Plaintiff Howard Mitchell's Amended Complaint. (Doc. 6). The Court now rules on the motion.

## I.      PROCEDURAL BACKGROUND

On May 6, 2013, the City of Scottsdale ("City") filed a complaint in Scottsdale Municipal Court against Howard Mitchell ("Mitchell") and on May 10, 2013, moved to terminate Mitchell's possessory rights in nearly thirty animals. (Doc. 11 at 2). The Municipal Court held a probable cause hearing over several non-consecutive dates spanning from June through October. *Id.* On October 30, 2013, the Municipal Court ordered that Mitchell's animals be seized and taken to the Arizona Humane Society. *Id.* On appeal, the Superior Court remanded the case on September 18, 2014 for further proceedings. *Id.* The Arizona Court of Appeals granted the City's Petition for Special Action and found for the City on December 4, 2014. *Id.* The Arizona Supreme Court denied review. *Id.*

## II.     FED. R. CIV. P. 12(b)(1) MOTION TO DISMISS

The City alleges several reasons why the complaint should be dismissed.  One of the reasons for dismissal raised by the City is jurisdictional; thus, it falls under Federal Rule of Civil Procedure ("Rule") 12(b)(1). Claims raised under Rule 12(b)(1) should be addressed before other reasons for dismissal filed under Rule 12(b). *See* Wright and Miller, Federal Practice and Procedure: Civil 2d § 1350, 209–10 (1990) ("[W]hen the motion [to dismiss] is based on more than one ground, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined.")

The first reason for dismissal raised by the City is a lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. (Doc. 11. at 9). Thus, the Court will address this reason for dismissal of the amended complaint.

The *Rooker-Feldman* doctrine prevents federal district courts from having subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In recent years, the Supreme Court has narrowed the application of the *Rooker-Feldman* doctrine. *See Lance v. Dennis*, 546 U.S. 459, 464 (2006) ("[O]ur cases since *Feldman* have tended to emphasize the narrowness of the *Rooker-Feldman* rule."); *see also Exxon Mobil Corp.*, 544 U.S. at 292 (*Rooker-Feldman* does not apply to parallel state and federal litigation); *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n. 3 (2002) (*Rooker-Feldman* "has no application to judicial review of executive action, including determinations made by a state administrative agency"). Despite the Supreme Court's scaling back of the doctrine, *Rooker-Feldman* still "remains a viable jurisdictional bar." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 860 n.6 (9th Cir. 2008).

There are two general situations where *Rooker-Feldman* applies: (1) where a state court loser explicitly asks a federal district court to exercise appellate review of the state-court judgment, and (2) where a state court loser's federal claim constitutes a de facto appeal from a state court judgment. *Id.* at 858–59 (citing *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004)). The Ninth Circuit Court of Appeals has held that:

> A federal claim constitutes a de facto appeal where "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that adjudication of the federal claims would undercut the state court's ruling or require the district court to interpret the application of state laws or procedural rules."

*Id.* at 859 (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)). If either of these two situations apply, the federal court must dismiss the complaint for lack of subject matter jurisdiction. *Bianchi*, 334 F.3d at 898.

The City argues that the *Rooker-Feldman* doctrine bars this Court from having subject matter jurisdiction over Mitchell's complaint. (Doc. 11 at 9). The City contends the first *Rooker-Feldman* bar applies, as Mitchell's complaint constitutes a direct appeal from a state court judgment. (Doc. 11 at 9–10). In support of its argument, the City observes that Mitchell's Amended Complaint opens with what appears to be a request for a direct appeal of the state court's decision. (Doc. 11 at 9). For example, Mitchell asserts in his Amended Complaint that the "present Federal District Court is the next higher in the hierarchy of appeal for relief from the municipal court verdict." (Doc. 6 at 1). Mitchell also "submit[s] a motion/request for relief by the overturning of the findings of the AZ Appeals Court and AZ Supreme Court." (Doc. 1 at 6).

The City is correct in stating that the relief Mitchell requests constitutes an appeal of state court decisions. Mitchell asks that the Court order the City to return the animals and property seized pursuant to a state court judgment. If the Court were to grant the relief Mitchell seeks, it would necessarily involve overturning the state court judgment that deprived him of his animals and property in the first place. The *Rooker-Feldman* doctrine forbids federal courts from taking such action. The proper avenue for Mitchell's appeal of a state court judgment lies in the state court system and ultimately in the United

States Supreme Court. Therefore, this Court lacks subject matter jurisdiction to hear this case.

**III.     CONCLUSION**

Accordingly,

**IT IS ORDERED** that the City's Motion to Dismiss Mitchell's Amended Complaint (Doc. 6) is **GRANTED**. The Clerk of Court shall enter judgment and dismiss the case with prejudice.

**IT IS FURTHER ORDERED** that all other pending motions before this Court are denied as moot.

Dated this 2nd day of October, 2015.

James A. Teilborg
Senior United States District Judge